**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2275
_____

ISAIAH WALKER,
　　　　　　　　Appellant

v.

SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:22-cv-03154)
U.S. District Judge: Honorable John M. Younge
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 7, 2025
_____

Before: SHWARTZ, FREEMAN, and RENDELL, <u>Circuit Judges</u>.

(Filed: July 8, 2025)
_____

OPINION[*]
_____

SHWARTZ, <u>Circuit Judge</u>.

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Isaiah Walker appeals the District Court's order granting summary judgment to his former employer, Southeastern Pennsylvania Transit Authority ("SEPTA"), on his Family & Medical Leave Act ("FMLA") claims. Because material factual disputes exist regarding whether Walker provided adequate notice to SEPTA of his intent to invoke his FMLA rights, we will affirm in part, vacate in part, and remand for further proceedings.

I

A[1]

Walker suffers from sickle cell anemia, which, among other things, causes him to experience exhaustion and bone and joint pain. He disclosed his condition when he was hired by SEPTA as a bus operator in March 2018,[2] and discussed the disease with multiple supervisors.

Throughout his employment, Walker struggled with attendance and was suspended twice for absenteeism. After a series of absences that otherwise would have resulted in his discharge, Walker and SEPTA entered a last-chance agreement, under which he agreed that his employment would be terminated if he again accumulated twenty "[a]ttendance [p]oints," which employees incur for certain types of absences. App. 555-58. For example, employees are assessed two points for each sick day, but

---

[1] Because we are reviewing a summary judgment ruling, we construe the disputed facts in the light most favorable to the non-movant, Walker. E.g., Burns v. Pa. Dep't of Corr., 642 F.3d 163, 170 (3d Cir. 2011).

[2] Walker informed SEPTA during his onboarding that he did not require any work accommodations and that he does not often feel tired, fatigued, or sleepy during daytime.

employees of Walker's seniority are entitled to three "Emergency at Home" ("EAH") days each year for which they are not assessed points. App. 556-57.

Walker often used his three EAH days when dealing with his health problems to avoid accumulating attendance points. Walker also avoided points by requesting and receiving FMLA leave.[3] Nevertheless, by the end of May 2021, Walker had accumulated 18 points.

On June 7, 2021, Walker experienced pain associated with his sickle cell anemia that required his hospitalization and called SEPTA early that morning. He asked the dispatcher to mark him for an EAH day to avoid accruing points.[4] During his deposition, Walker initially testified that he told the dispatcher he "had to go to the hospital," and, although she might not have known about his sickle cell condition, "she just put it through just for the simple fact that it was urgent[,] and I had to go to the hospital." App. 139-40. According to the statement of undisputed facts, Walker admitted that "when he called out [sick], he [also] informed the dispatcher that he did not have a babysitter." App. 39, 234. SEPTA records show that the dispatcher noted the reason for Walker's absence as "NO_BABYSITTER." App. 222. Later on June 7, Walker submitted an FMLA leave application. Because the dispatcher recorded Walker's absence as an EAH

[3] Walker was granted FMLA leave in (1) December 2019 for complications related to his sickle cell anemia; (2) March through June 2020 due to the COVID-19 pandemic, for which Walker was "at risk." App. 92; and (3) June 2021 for the sickle cell episode at issue in this case.

[4] Walker mistakenly believed that his EAH day count had reset, and that he had an available day to use.

day before he had submitted the FMLA application, Walker's June 7 absence resulted in SEPTA assessing him two attendance points, bringing him to a total of twenty points.

Walker had another flare-up on June 8, returned to the hospital, and called in sick, which was recorded as sick leave for "SICKLE_CELL" rather than an EAH day. App. 222. SEPTA approved his FMLA leave request for a period commencing with his first absence on June 7. Walker returned to work on June 22.

Walker was thereafter informed that he was subject to discipline due to his absences, and the union filed a grievance on his behalf. Despite knowing that SEPTA had approved Walker's FMLA leave, the hearing officer denied Walker's grievance, writing "[SEPTA] is sympathetic to [Walker]'s medical condition; however, the attendance policy is a no-fault system and allows the employee the opportunity to reduce his points each 30 days. Mr. Walker failed to reduce his attendance points [by having consistent attendance without absences]; therefore, the next step of discipline is Discharge." App. 615-16. Accordingly, Walker was terminated.

B

Walker sued SEPTA, alleging, among other things,[5] violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., and FMLA interference and

---

[5] Walker also raised state law claims but abandoned them by failing to include them in his pre-trial memorandum. See Phx. Can. Oil Co. v. Texaco, Inc., 842 F.2d 1466, 1475-76 (3d Cir. 1988). Regardless, Walker makes no argument about these claims before us and thus has forfeited them. E.g., M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) ("[Appellant] forfeited [her] argument by failing to raise it in her opening brief on appeal.").

retaliation claims, 29 U.S.C. § 2615(a)(1).  Following discovery, SEPTA filed a motion for summary judgment, which the District Court granted.  Walker v. Se. Pa. Transp. Auth., No. 22-3154, 2024 WL 3069816, at *10 (E.D. Pa. June 20, 2024).  As relevant to this appeal, the Court determined that Walker's FMLA claims failed because he did not provide adequate notice to SEPTA of his need to take FMLA leave on June 7, 2021.  Id. at *9-10.

Walker appeals.[6]

## II[7]

The FMLA "entitle[s] employees to take reasonable leave for medical reasons," 29 U.S.C. § 2601(b)(2), so long as they do so "in a manner that accommodates the legitimate interests of employers," id. § 2601(b)(3).  Employers may not interfere with or retaliate against employees for invoking their FMLA rights, and "firing an employee for a valid request for FMLA leave may constitute" interference with and/or retaliation for

---

[6] Walker makes no argument on appeal about the District Court's order granting summary judgment to SEPTA on his ADA claims and thus has waived any challenge to their dismissal.  Pelullo, 399 F.3d at 222.

[7] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  Our review of a district court's order granting summary judgment is plenary, Mylan Inc. v. SmithKline Beecham Corp., 723 F.3d 413, 418 (3d Cir. 2013).  Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party is entitled to judgment as a matter of law when the non-moving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

exercising one's FMLA rights.  Erdman v. Nationwide Ins. Co., 582 F.3d 500, 509 (3d Cir. 2009).

To succeed on an FMLA interference claim, a plaintiff must prove, among other things, that he "gave notice to the defendant of his . . . intention to take FMLA leave." Capps v. Mondelez Glob., LLC, 847 F.3d 144, 155 (3d Cir. 2017).  Similarly, to prevail on an FMLA retaliation claim, a plaintiff must show, among other things, that "he invoked his right to FMLA-qualifying leave."  Ross v. Gilhuly, 755 F.3d 185, 193 (3d Cir. 2014) (internal alterations omitted) (quoting Lichtenstein v. Univ. of Pittsburgh Med. Ctr., 691 F.3d 294, 302 (3d Cir. 2012).

Showing that notice was provided is not particularly onerous.  Lichtenstein, 691 F.3d at 303, 312.  An employee "need not expressly assert rights under the FMLA or even mention the FMLA."  Id. at 303 (quoting 29 C.F.R. § 825.303(b) (detailing the necessary content for notice of unforeseeable FMLA leave)).  Although simply "[c]alling in 'sick' without providing more information" is insufficient, an employee who (1) gives "sufficient information for an employer to reasonably determine whether the FMLA may apply to the leave request," 29 C.F.R. § 825.303(b), and (2) does so "as soon as practicable under the facts and circumstances of the particular case,"[8] id. § 825.303(a), has provided sufficient notice to invoke his FMLA rights.

---

[8] SEPTA's argument that Walker's need for leave was foreseeable fails.  Although Walker's sickle cell diagnosis was established and well-documented, the timing of acute pain episodes was unpredictable, so he could not have sought leave any sooner.

Viewing the facts in Walker's favor, a reasonable fact finder could conclude that Walker provided adequate notice of his intent to invoke his FMLA rights on June 7. Walker testified that he called into dispatch per SEPTA procedure and asked for an EAH day because he "had to go to the hospital," App. 139, and that he initiated a formal FMLA leave application several hours later. Granted, Walker later admitted that "when he called out, he informed the dispatcher that he did not have a babysitter," App. 39, 234, and the dispatcher noted the reason for Walker's absence as "NO_BABYSITTER," App. 222. However, he also testified that he informed the dispatcher of his need to go to the hospital and he filed his FMLA application within hours of the call. Moreover, SEPTA granted his FMLA leave for a period covering his absence on July 7. SEPTA could not legally penalize Walker for an absence that became FMLA leave before his firing. See 29 C.F.R. § 825.220(c) ("[E]mployers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions; nor can FMLA leave be counted under no fault attendance policies."). A reasonable factfinder could conclude that Walker provided adequate notice of his intention to invoke his FMLA rights on June 7, 2021. See Lichtenstein, 691 F.3d at 304, 306-07, 312 (holding disputed facts regarding notice existed where the employee (1) called in accordance with the employer's required timeline, (2) stated that she was in the emergency room with her mother and was thus unable to work that day, and (3) requested leave via email within

7

days of the incident).  Accordingly, we will vacate the District Court's order regarding

Walker's FMLA claims.[9]

III

For the foregoing reasons, we will affirm the order granting summary judgment on

the ADA claims, vacate the order granting summary judgment on the FMLA claims, and

remand for further proceedings.

---

[9] Because the District Court considered only notice, Walker, 2024 WL 3069816, at *10, which is one element of the prima facie case for both the FMLA interference and retaliation claims, Capps, 847 F.3d at 152 n.6, 155, we will leave analysis of the remaining elements to the District Court on remand, Budhun v. Reading Hosp. & Med. Ctr., 765 F.3d 245, 258-59 (3d Cir. 2014).